UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LEE MOULTRIE, JR,

    Plaintiff,

v.                                                  Case No. 3:21cv1052-LC-HTC

PENSACOLA POLICE
  DEPARTMENT,
PATRICK D. KELLY,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff, Charles Lee Moultrie, Jr., is a pretrial detainee confined at the Escambia County Jail. ECF Doc. 1 at 2. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. §1983. His claims arise from a search and seizure and subsequent drug trafficking charge(s) currently pending in state court: Case Number 2020 CF 4788 A.[1]

---

[1] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records, available at the following URL: https://public.escambiaclerk.com/BMWebLatest/CourtCase.aspx/Details/2616463?digest=C%2BKAI1CYeRIzCY1YHQ9vOw

The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A, the undersigned recommends this action be dismissed *sua sponte* as the deficiencies in Plaintiff's complaint cannot be cured through an amendment. Namely, as discussed below, Plaintiff's claims are barred under the *Younger*[2] abstention doctrine. Additionally, the Court notes that the Pensacola Police Department is not a proper defendant in this suit and Plaintiff does not have a sufficient claim for loss of property.

## I.   BACKGROUND

Plaintiff sues the Pensacola Police Department and Officer Patrick D. Kelly for violating his Fourth Amendment right by illegally searching his residence and seizing his personal items without a warrant and without probable cause; his Fourteenth Amendment right "by depriving [him] of his freedom"; and his Fifth Amendment right by "questioning [him] without reading [him his] Miranda Rights." ECF Doc. 1 at 4.

Plaintiff asserts that, on November 3, 2020, he was leaving his residence at the Days Inn Motel on Palafox Street when Sergeant Fox of the Pensacola Police

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

Case No. 3:21cv1052-LC-HTC

Department approached him and asked him his identity and whether he was renting a room at the Days Inn. *Id.* Plaintiff contends the officers already knew the answers to these questions, and "were in fact try[ing] to justify probable cause by way of entrapment." *Id.* Plaintiff further alleges Officer Kelly, and several other officers, searched his room without a warrant, his consent or reasonable suspicion that a crime had been committed. Plaintiff further alleges his personal items were also searched and illegally seized, including his cell phone, ten (10) pairs of shoes (valued at $250 each), a 72-inch television (valued at $2,200), an XBOX (valued at $450), and ten (10) video game discs (valued at $60 each). *Id.* As relief, Plaintiff seeks "$42,900 for lost wages, $109,400 for false incarceration, and $182,500 for slander of character," totaling $334,900. *Id.*

Like Plaintiff's allegations in the instant suit, Plaintiff's ongoing state case, derives from his November 3, 2020 arrest. *See* Escambia County Docket, Case Number 2020 CF 4788 A. A review of the online docket shows that after Plaintiff's arrest, the Court held a Florida Rule 3.133 probable cause hearing, and determined probable cause existed for the arrest. The Court also set bond at $50,000. *See id.* Therefore, Plaintiff apparently seeks to have this Court intercede in his state criminal case on the basis that the search and arrest violated his constitutional rights.

Case No. 3:21cv1052-LC-HTC

## II. LEGAL STANDARDS

Because Plaintiff is a pretrial detainee proceeding *in forma pauperis* and seeking relief against a governmental entity, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).[3] In reviewing Plaintiff's complaint, the Court must read Plaintiff's allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III. DISCUSSION

It is clear from the face of Plaintiff's complaint that the *Younger* abstention doctrine applies, and this Court should not interfere in Plaintiff's ongoing state criminal proceedings. Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction over a matter that is pending in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). As the Eleventh Circuit has explained, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in

---

[3] *See Brown v. Aramark Correctional Services, LLC*, 2019 WL 2423977, at *1 n.2 (M.D. Fla. June 10, 2019) (noting that "the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees").

Case No. 3:21cv1052-LC-HTC

those proceedings." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (citing *Younger*, 401 U.S. at 37).

There are three (3) factors for a court to consider in determining whether abstention is required. "[F]irst, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997). Each of those factors are met here.

The first factor is clearly met. A review of the online dockets reveals that Plaintiff was charged on November 4, 2020, and the case appears to be in the discovery stage. *See* Escambia County Docket, Case Number 2020 CF 4788 A. The second *Middlesex* factor—whether the state proceedings implicate an important state interest—is also clearly met. Plaintiff faces charges for violations of state criminal law. It goes without saying that States have an interest in prosecuting their own laws. *See Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state "interest in the enforcement of its criminal laws"); *Patterson v. Miami Dade Corr. Rehab. Dep't*, No. 18-CV-25346, 2018 WL 10609958, at *1 (S.D. Fla. Dec. 26, 2018), *report and recommendation adopted*, No. 18-25346-CIV, 2019 WL 8348958

(S.D. Fla. Jan. 11, 2019) (finding that plaintiff who was "being charged with a misdemeanor of resisting officers without violence" involved "important state interests").

The final *Middlesex* is also met because there is no procedural bar to Plaintiff raising the instant claims in his state court cases. According to the Eleventh Circuit an "[a]dequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels*, 578 F. App'x at 811. Moreover, "interference in pending proceedings is inappropriate unless state law clearly bars the interposition of . . . [federal] constitutional claims." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (internal quotation marks omitted) (citing *Middlesex*, 457 U.S. at 432). Finally, "[t]he burden of showing inadequacy of state procedure for this purpose rests with the federal 'plaintiff.'" *Id.* (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987)).

Plaintiff has not met that burden. Plaintiff's alleged constitutional violations involve issues he can raise before his trial, during his trial, and on direct appeal. That is, what occurred during the search, whether any rights were violated, and thus, whether the evidence found is ultimately admissible, are matters that will be before the state court. Indeed, it appears that on May 26, 2021, the state court docketed "Defendant's Motion to Suppress," which suggests that he filed a motion to suppress the evidence found during the search. *See* Escambia County Docket, Case Number

2020 CF 4788 A.  Thus, this Court should abstain from exercising jurisdiction over Plaintiff's claims.

Finally, because the undersigned is recommending this case be dismissed based on *Younger*, the undersigned finds it unnecessary to address in detail the other issues with the substance of Plaintiff's complaint.  The undersigned notes, however, that even if the Court were to exercise jurisdiction over this action, Plaintiff's claims against the Pensacola Police Department in its official capacity would nonetheless be subject to dismissal.  The Pensacola Police Department is not a proper defendant in a suit for damages because "the Police Department does not have the capacity to sue and be sued" under Florida law.  *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3rd DCA 1995) (citing *Florida Medical Ass'n, Inc. v. Spires*, 153 So.2d 756, 757 (Fla. 1st DCA 1963)); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held.").

Additionally, Plaintiff claims that not only was his personal property seized but some of his personal items were "destroyed or stolen."  ECF Doc. 1.  To the extent Plaintiff is claiming a due process violation against Defendants for alleged loss of property, Plaintiffs claims fail and would be improper in the § 1983 context. *See Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) (holding that "a state

employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."); *Magwood v. Beem*, No. 4:14CV314-MW/CAS, 2015 WL 796242, at *10 (N.D. Fla. Feb. 25, 2015). Indeed, Plaintiff has a meaningful post deprivation remedy for the loss available in state law remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("Under Florida law, a person may file a tort action in state court to recover damages for loss or destruction of property. *See* Fla. Stat. § 768.28 (2011)."); *also see Smith v. Jones*, No. 3:16CV509/LAC/EMT, 2016 WL 7868773, at *2 (N.D. Fla. Dec. 20, 2016), *report and recommendation adopted*, No. 3:16CV509/LAC/EMT, 2017 WL 253984 (N.D. Fla. Jan. 19, 2017) (similarly analyzing *Hudson* and section 768.28 and holding "due process claims concerning the damage to and loss of items of [plaintiff's] personal property are foreclosed in this § 1983 action").

## IV.   CONCLUSION

Although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, the undersigned finds that the defects in the complaint are simply incurable and leave to further amend would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so"). Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to respond

prior to dismissal.  *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for lack of jurisdiction based on the *Younger* abstention doctrine.

2.    That the clerk be directed to close the file.

At Pensacola, Florida on this 29th day of October, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:21cv1052-LC-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.